ACCEPTED
14-14-01013-CV
FOURTEENTH COURT OF APPEAL
HOUSTON, TEXAS
1/1/2015 1:04:37 PM
CHRISTOPHER PRIN
CLERK

No. 14-14-01013-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
1/2/2015 12:28:00 PM
CHRISTOPHER A. PRINE
Clerk

IN THE
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS

**IN THE INTEREST OF CHRISTOPHER SPATES**

**Christopher Spates**
Relator,

**Hon. David Farr, 312th Judicial District, Harris County, Texas**
Respondent,

**The Office of the Attorney General of Texas**
**Shana Y. Williams**
Real Parties in Interest.

## RESPONSE OF REAL PARTY IN INTEREST, SHANA Y. WILLIAMS, TO RELATOR'S PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE COURT OF APPEALS:

I, Shana Y. Williams, Real Party in Interest, respectfully submit this

response to Relator's petition for writ of habeas corpus.

1

## WAIVER OF ORAL ARGUMENT

Shana Williams, Real Party in Interest, waives oral argument unless this Court deems oral argument necessary for the disposition of this cause.

## ISSUES PRESENTED

**ISSUE 1: (Responsive to Relator's Issues One and Two) The August 28, 2014 motion for enforcement satisfies due process requirements for specific notice of Father's particular violations of the underlying child support order.**

**ISSUE 2: (Responsive to Relator's Issue Three) The December 23, 2014 contempt order does not preclude the sheriff from granting good time credits to Father. However, even if the order does preclude the sheriff from granting good time credits to Father, this Court may reform the judgment to recognize the sheriff's discretion to grant good time credits.**

## STATEMENT OF THE CASE

Relator Christopher Spates (and father of the child before the court) has been held in punitive contempt as a habitual offender of failing to pay child support as ordered by the trial court.

2

## STATEMENT OF JURISDICTION

This court has statutory jurisdiction to issue a writ of habeas corpus under Texas Government Code 22.221 (d). TEX. GOV'T CODE § 22.221 (d)   (Apx. E).

## STATEMENT OF FACTS

On August 29, 2002, the 247th District Court of Harris County issued its Order in Suit Affecting the Parent–Child Relationship, establishing the Relator, Christopher Anthony Spates, the father of the child and ordering him to pay $1,060.20 per month in current child support beginning on September 1, 2002 and continuing on the first day of each month until the child support obligation terminated.

On August 28, 2014, the OAG filed its Motion for Enforcement requesting that the trial court enforce its order by ordering an

arrearage judgment and by finding Christopher Spates (Father) in contempt for failure to pay child support.

Regarding the August 29, 2002 child support order, the OAG alleged that Father had "repeatedly violated the child support order." The OAG also alleged that Father would continue to violate the order in the future. In fact, Christopher Anthony Spates, (father) violated the child support order for eight consecutive years from 2002-2010 and went on to violate thus said child support order for another three years from 2010-2014. Proving the fact the father had "repeatedly violated the child support order and given the opportunity, would in fact violate the child support order in the future. Mr. Spates was served by drop service in court in 2001, in which he became aggressive with the process server, and then again by special exception service granted by the presiding judge to private process server, Kenneth P. Barrett, Sr., 1214 Miramar, Houston, Tx. 77006, 832.419.6834. I am also well aware that not only was Mr. Spates served with the original order, that he also had

4

thoroughly read the order in 2001. His last attack against me physically was in the parking lot of Memorial City mall in 2001. I agreed to meet him there in order to exchange our daughter for the weekend because it was a public place and a midpoint between our two residences at the time. Mr. Spates was enraged upon meeting him specifically in regards to the requirements of the proposed supervised visitation and required batterer classes that are outlined within the current child support order. When the argument escalated Mr. Spates punched me in the stomach, took the sunglasses off of my head and proceeded to beat me in and around my head and face with them. Mall security did approach in a golf cart, long enough to distract Mr. Spates and for me to get back in my vehicle and leave with our daughter. This as a result finally prompted me to file for the protective order on file in September 2001. Therefore, I am absolutely positive that Mr. Spates was fully aware of and had received notice of the child support order in 2001. Also, if I would have been allowed to provide testimony prior to 2010 during the

5

court proceedings on December 22, 2014, I would have been able to admit discovery provided by Mr. Spates and his counsel that would have shown that Mr. Spates began filtering funds out of his business account for Prodigy Services, LLC. in and around the date when we both received notice of an enforcement hearing in 2008. Records that the Relator provided reflect that not only was Mr. Spates making much more income than he was in 2001 when the original order was rendered, but that he also began filtering funds into his current wife/counsel, Taura Dailey Spates, bank account, the mother or his two other girls, Tomika Artis' bank account and an individual named Hector Saenz, Jr. in McAllen, Tx. Bank statements provided reflect that a total of $50,195 in that one month period of time was transferred out of Mr. Spates' business bank account. In addition to several other lump sum withdrawals noted during the time frame of May 2008-August 2008. Our hearing was scheduled for September 2, 2008. This information reinforces the fact that the Relator will go to great lengths in order to

avoid paying child support and violate his child support order. I would also like to note that this was before Two Hundred and Eighty Thousand Dollars ($280,000) currency was confiscated from the Relator by the US Customs and Border Patrol in 2009. In addition to these funds, the Relator also provided documentation in discovery that verifies that he was also receiving income from employment for the entire year of 2009. Lastly, after delinquent child support payments were disbursed in 2010, the Realtor testified under oath on December 22, 2014 that he was still able to retain Fourteen Thousand Dollars ($14,000) of thus said funds. On December 22, 2014, after hearing testimony from the Relator all day as to how he "cannot afford", "doesn't earn as much money", and has had a "decease in earning potential", the Relator's counsel offered to pay $32,000 plus dollars in arrears prior to the commitment hearing, if I would agree with asking Judge Farr to forgo confinement to Harris County jail sentence for Mr. Spates. I never agreed to do so and as of December 30, 2014, no

payment of any kind has been recorded with the Texas Attorney General's Office or The Harris County District Clerks office. I believe that all of this simply reinforces the fact that the Relator has "repeatedly violated" and "would in fact continue to violate his child support order in the future." Therefore, deeming confinement in Harris County jail for 180 days a justified and necessary means providing the Relator with a better understanding of the necessity of adhering to his child support order.

The second attachment incorporated by reference as was a payment record compiled the State Disbursement Unit. The payment record set out the Relator's monthly obligation beginning on October 31, 2009 and ending on August 14, 2014. Specifically, it set out Mr. Spates alleged failure to pay his child support obligation as ordered in the August 29, 2002 on several dates, including on April 1, 2010, on March 1, 2014, on April 1, 2014, on May 1, 2014,

and on June 1, 2014. Regarding the payment record, the OAG stated that the payment record showed "the date and amount of each [child] support payment made by [Father] since October 31, 2009." The OAG alleged that Father "committed a separate act of contempt by each indicated failure to pay [child] support in full on or before its due date." On December 22, 2014, the 312th District Court of Harris County heard the OAG's motion. On December 23, 2014, the trial court issued its Order Holding Respondent in Contempt for Failure to Pay Child Support and for Commitment and Judgment for Unpaid Child Support.

In its December 23, 2014 order, the trial court found Christopher Spates in punitive contempt for failure to pay child support as ordered in the August 28, 2014 order on the following dates: April 1, 2010, March 1, 2014, April 1, 2014, May 1, 2014, and June 1, 2014.  If this court were to review the payment record compiled by the State Disbursement Unit, it would find that the Relator has gone years at a time without paying any

9

child support. In fact since the current court proceedings have been going on for the past year and a half, during which time the Relator has only paid one full child support payment for the month of August 2014. All subsequent payments have been partial payments. Even after the Relator received the Two-Hundred and Fifty- Nine Thousand Two Hundred Ninety-Four Dollars and Eighty-Six Cents ($259,294.86) on July 24, 2014, that was awarded to his company, Prodigy Services, LLC. by the 234th civil court (cause# 201235849), Mr. Spates still made no effort to settle the balance of his delinquent child support. Mr. Spates, the Relator, is the only agent/manager/employee listed for this company. The Relator never made any voluntary effort to comply with the child support order in regards to his child Christian Yvonne Kozmo Spates from 8/29/01 to 8/1/14. In fact, since 8/1/14 the Relator has still failed to fulfill all of the obligations and stipulations in the child support order rendered on 8/29/01.

The trial court ordered that the Sheriff of Harris County commit Father to the Harris County jail for a sentence of 180 days for each of the five Violations listed above, with each sentence running concurrently. The trial court limited Father's commitment in the county jail to a "fixed" term of 180 days for the five violations, thereby ensuring that Father would not spend additional time in the Harris County jail. In my opinion, if it were in the trial courts scope of authority, I believe that the Relator should have received more jail time due to his egregious disregard for the child support order rendered by Judge Bonnie Crane Hellums on 8/29/01. However, as it stands, I am in agreement with the Texas Attorney General's office, that Judge David Farr's rendering of judgment for the to be confined to Harris County Jail for 180 days is within the scope of the law.

On December 24, 2014, Father filed his petition for writ of habeas corpus.

For all of the forgoing reasons listed above, I respectfully request that this court denies Mr. Spates petition.

## SUMMARY OF ARGUMENT

Under the relevant standard of review, this Court must presume that the contempt judgment is valid. The motion for enforcement was specific in providing notice to Father of his alleged violations of the child support order. Under Texas Family Code section 157.162(c), a payment record maintained by the Title IV–D agency is sufficient to prove the amounts of the ongoing child support payments that Father did or did not make and the dates on which those payments were not paid. As the Relator concedes, the OAG attached a payment record maintained by the Title IV-D agency and he identified it to be accurate and valid. The payment record attached to the motion for enforcement shows that Father missed payments on April 1,

12

2010, on March 1, 2014, on April 1, 2014, on May 1, 2014, and on June 1, 2014. In addition, the record before this Court does not show that Father objected to the admission of the payment record. Nor does the record show that Father sought to introduce any record of dispute into evidence. When, as here, no reporter's record is filed, this Court must presume the missing evidence supports the trial court's contempt judgment. Thus, this Court must presume that the contempt judgment is valid. The order language of the contempt judgment does not preclude the sheriff from exercising his discretion to grant good time credit to Father. Read in context, the order language limits Father's confinement to 180 days and no more. However, if this Court interprets the language to mean that the trial court sought to limit or preclude the sheriff from exercising his sole discretion to grant good time credits, this Court should reform the judgment to recognize the sheriff's discretion to grant good time credits and otherwise deny Father's petition for habeas relief.

## ARGUMENTS

As the Relater's counsel concedes to the court "a statutory credit MAY be received for good behavior". It does NOT state that the Relator "is entitled to", "is required to" or "stipulated to have", it states "MAY" be given. This gives the court a very broad spectrum of jurisdiction. Reinforcing, once again, that the trial court did not exceed its authority or violate the Relators' rights to due process. It is my opinion that the Relator, Christopher Anthony Spates, continues to make attempts at making a mockery of this court, the trial courts and this entire judicial system with baseless accusations, deception and manipulation. In order to continue to distract from the fact that the Relator has in the past, is currently and more than likely plans to in the future, avoid complying with his child support obligations. The bottom line is that TWO paternity test have been administered and have proven that

14

Christopher Anthony Spates is indeed the biological father of Christian Yvonne Kozmo Spates. It is also documented through this court system that at minimum Mr. Spates has earned, acquired or been in the possession of income to the total sum of Five Hundred Thirty-Nine Thousand Two Hundred and Ninety-Four Dollars and Eighty-Six Cents ($539,294.86) over the past five years. If the Relator is not going to voluntarily comply with his child support obligations, I believe that the Attorney General's Office and the trial courts should have the authority to impose that he does so by any means necessary within the scope of the law. In this situation, both entities are well within the scope of the law.

I, Shana Williams, Real Party of Interest, believe that Judge Farr's decision to confine the Relator, Christopher Spates, to Harris County jail was not only just and fair, but long overdue in lieu of the Relaters blatant non-compliance in regard to his child support order and continued manipulation of this court system. The Real Party of Interest,

15

Shana Y. Williams, believes with conviction that the Relators' Motion for Emergency Relief should be denied on the basis that the Relator's rights to Due Process have not been denied nor compromised by any actions of the Attorney General's Office or Judge David Farr. Both parties have operated well within the scope allowed by the law in finding Mr. Spates in contempt of the child support order rendered in the interest of Christian Yvonne Kozmo Spates.

## Conclusion and Prayer

I, Shana Y. Williams, Real Party of Interest, comes before this court and respectfully requests that Christopher Anthony Spates Petition for a writ of habeas corpus be denied. It is my prayer that this judicial system begins to see the Relator's actions for what they truly are and enforce punitive damages to the letter of the law when deemed necessary.

Respectfully Submitted,

Shana Y. Williams/Real Party In Interest
24620 Town Center Dr. #2203
Valencia, CA. 91355
Shanay100g@yahoo.com
310.995.6664